The Full Commission has reviewed the Award based upon the record of proceedings before the Deputy Commissioner and with reference to the errors alleged. Defendants argue that plaintiff unjustifiably refused suitable employment and the Deputy Commissioner therefore erred by awarding plaintiff continuing temporary total disability payments. However, after careful consideration, the Full Commission has determined that the defendants have not shown good grounds to amend the award. Therefore, the June 12, 1994 Opinion and Award is accordingly HEREBY AFFIRMED, and the findings of fact as set forth therein are hereby adopted by the Full Commission.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. On November 1, 1990, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer, resulting in an injury to her back.
2. At such time The PMA Group was the carrier on the risk.
3. At such time plaintiff's average weekly wage was $180.00.
4. Plaintiff has received temporary total disability compensation in the amount of $120.01 per week since the date of injury.
5. A series of medical records and reports from Drs. McCormack, Davis, Burkhardt, Loomis, Scott, and Gough, and patient records from St. Luke's Hospital Emergency Room, Memorial Mission Hospital and St. Joseph's Pain Therapy Clinic, are received into evidence by stipulation of the parties.
6. The parties entered into a Form 21 Agreement for Compensation which was approved by the Industrial Commission on December 19, 1990. This Award of the Industrial Commission is incorporated by reference as if set forth fully.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. At the time of the hearing of this case, plaintiff was a 36-year-old high school graduate with classroom training towards an associate's degree in nursing at Blue Ridge Community College and two years of classroom training in child psychology at Mars Hill College. Plaintiff's prior employment includes work as a certified nursing assistant, a crew trainer at McDonald's, a telephone sales accountant, and a housekeeper.
2. On November 1, 1990, plaintiff was working as a certified nursing assistant for defendant-employer when she sustained a compensable injury while lifting a patient. Thereafter, plaintiff was seen at St. Luke's Hospital Emergency Room.
3. As a result of her compensable injury on November 1, 1990, plaintiff has a chronic low back strain with chronic pain in her low back, hip and right lower extremity.
4. As a result of her compensable injury on November 1, 1990, plaintiff has been seen by Drs. McCormack, Davis, Burkhardt, Loomis, Scott, and Gough, and has undergone physical therapy and pain management at St. Joseph's Hospital Pain Therapy Center.
5. Plaintiff reached maximum medical improvement from her November 1, 1990 compensable injury on July 22, 1992 and, as a result thereof, has sustained a ten percent permanent partial disability to her lumbar spine.
6. As a result of her compensable injury on November 1, 1990, plaintiff cannot sit or stand for more than 20 minutes at a time, or lift over two and one-half pounds on a regular basis.
7. On April 16, 1993, defendant-employer offered plaintiff the position of personal care aide at the same average weekly wage she was earning at the time of her compensable injury on November 1, 1990.
8. The personal care aide position was specifically developed by defendant-employer for plaintiff and consisted of job duties that were extracted from the job duties for a nurse's aide in training position which were within plaintiff's physical limitations. The position of personal care aide is a position which is not found in the competitive job market.
9. Plaintiff refused to accept the personal care aide position.
10. Inasmuch as the personal care aide position was developed specifically for the plaintiff and was not a position which was found in the competitive job market, plaintiff's refusal to accept the position was justified.
11. As a result of her compensable injury on November 1, 1990, plaintiff has been unable to earn any wages in any employment since the date of injury.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. On November 1, 1990, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer, and as a result thereof has been temporarily totally disabled since November 1, 1990, entitling her to compensation at the rate of $120.01 per week beginning November 1, 1990 and continuing for so long as so disabled, subject to a credit for temporary total disability compensation paid heretofore. N.C.G.S. § 97-21(6); N.C.G.S. § 97-29.
2. Plaintiff is entitled to the payment of all medical expenses incurred as a result of the injury by accident giving rise hereto after bills for the same have been submitted through the carrier to the Industrial Commission and thereafter approved by the Industrial Commission. N.C.G.S. § 97-2(19); N.C.G.S. § 97-25.
3. Inasmuch as the position of personal care aide was developed specifically for plaintiff by defendant-employer and does not exist in the competitive job market, plaintiff's refusal to accept the employment was, in the opinion of the Industrial Commission, justified. N.C.G.S. § 97-32; Peoples v. Cone MillsCorp., 316 N.C. 426, 342 S.E.2d 798 (1986).
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
AWARD
1. Defendants shall pay to plaintiff, on account of her temporary total disability, compensation at the rate of $120.01 per week beginning November 1, 1990 and continuing for so long as so disabled, subject to a credit for temporary total disability compensation paid heretofore.
2. Defendants shall pay all reasonable and necessary medical expenses incurred, or to be incurred, by plaintiff as a result of this injury by accident when bills for the same have been submitted through the carrier to the Industrial Commission and thereafter approved by the Industrial Commission.
3. A reasonable attorney fee in the amount of 25 percent of the compensation benefits due under the above Award from the date of this Opinion and Award is hereby APPROVED, which amount shall be paid directly to plaintiff's counsel by defendants forwarding every fourth compensation check to R. L. Gilbert, III.
4. Defendants shall pay all costs including expert witness fees in the amount of $250.00 to Dr. Nathan L. Burkhardt and $300.00 to Dr. William Gough, III.
This the _____ day of __________________________, 1994.
FOR THE FULL COMMISSION
 S/ ______________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ______________________ DIANNE C. SELLERS COMMISSIONER
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
JJB:mj 10/27/94